UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:19-CV-00455-MOC

| | |
|---|---|
| JUAVON HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ANDREW M. SAUL, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income. Plaintiff filed a summary judgment motion, requesting either judgment in her favor or remand for rehearing. See Doc. No. 11. The Commissioner then filed a summary judgment motion requesting affirmance. See Doc. No. 12. For the following reasons, the Court grants Plaintiff's motion, denies the Commissioner's motion, and remands this case for a decision consistent with this Order.

## I. BACKGROUND

### A. Administrative Exhaustion

In April 2013, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, alleging she has been disabled since April 21, 2012. See Tr. 11. Plaintiff's claims were denied initially and upon reconsideration, so she filed a written request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on August 27, 2015, for de novo consideration of Plaintiff's claims. Id. On September 10, 2015, the ALJ issued a decision, concluding Plaintiff was not disabled within the meaning of the Act. Id. at 23. The Appeals Council denied Plaintiff's request for review on May 3, 2017, rendering the ALJ's

decision final and thus reviewable by this Court. Id. at 1. Plaintiff has exhausted available administrative remedies, so this case is ripe for judicial review, pursuant to 42 U.S.C. § 405(g).

**B.     Sequential Evaluation Process**

The Social Security Act states that "an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act:

1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

2.  An individual who does not have a "severe impairment" will not be found to be disabled;

3.  If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

4.  If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

5.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

See 20 C.F.R. § 416.920. The claimant "bears the burden of production and proof during the first four steps of the inquiry." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If the claimant carries their burden through the fourth step, the burden shifts to the Commissioner to show other work exists in the national economy that the claimant can perform. See id.

2

## C. The Administrative Decision

The issue before the ALJ was whether Plaintiff was disabled from the disability filing date to the date of the decision. Using the sequential evaluation process, the ALJ concluded at step five that Plaintiff was not disabled within the meaning of the Act. At step one, the ALJ recognized that Plaintiff has not engaged in substantial gainful activity since filing. See Tr. 13. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease; degenerative joint disease of the left knee status post ACL repair; anxiety; and depression. Id.

At step three, the ALJ decided that Plaintiff suffers from several difficulties, including moderate difficulties in concentration, persistence, and pace. Id. at 15–16. Still, she did not have an impairment or combination of impairments that met or equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. Id. Next, the ALJ found Plaintiff has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 416.967, except she: must be able to alternate between sitting and standing every thirty minutes; can occasionally balance, stoop, crouch, crawl, and climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can have no concentrated exposure to moving machinery or unprotected heights; is limited to unskilled work; can have occasional contact with coworkers, supervisors, and the general public; and must work in a stable environment that does not have frequent changes. Id. at 16.

At step five, the ALJ found that Plaintiff is unable to perform her past work as a school bus driver, retail cashier, or nursing home housekeeper. Id. at 21. Even so, the ALJ concluded she is able to perform jobs that exist in significant numbers in the national economy, including: office helper, small parts assembler, and automated packaging worker for health and beauty. Id. at 22. Because such jobs existed, the ALJ held that Plaintiff is not disabled under the Act. Id. at 23.

## II. DISCUSSION

In considering cross-motions for summary judgment, this Court "examines each motion separately, employing the familiar standard" provided by Federal Rule of Civil Procedure 56. Desmond v. PNGI Charles Town Gaming, 630 F.3d 351, 354 (4th Cir. 2011). Thus, each motion is reviewed "on its own merits 'to determine whether either of the parties deserve judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).

When reviewing a disability determination, the Court "is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Courts do not conduct de novo review of the evidence. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). Instead, our inquiry is limited to whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It "consists of more than a mere scintilla evidence but may be less than a preponderance." Id. The Court will not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Id. (alterations omitted). Put simply, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (alterations omitted).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Thus, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Id. If the Court has "no way of evaluating the basis for the ALJ's decision, 'the proper course, except in rare circumstances,

4

is to remand to the agency for additional investigation or explanation.'" Id. (quoting Florida Power & Light v. Lorion, 470 U.S. 729, 744 (1985)); see Brown v. Colvin, 639 F. App'x 921, 922 (4th Cir. 2016) (explaining courts do not "min[e] facts from the [administrative] record to support the ALJ's decisions"). This ensures the ALJ can "adequately explain his reasoning . . . in the first instance." Radford, 734 F.3d at 296.

In this case, Plaintiff contends that the ALJ failed to properly evaluate the medical opinions of two consultative psychologists, Dr. Scott Duncan and Dr. Scott Huthwaite, which he found credible. See Doc. No. 11 at 6. Specifically, Plaintiff maintains that the ALJ did not account for their identified limitations in determining her residual functional capacity. See id. at 8.[1] When evaluating a claimant's disability, the Commissioner has a duty to consider and explain what effect limitations in concentration, persistence, and pace will have on the claimant's residual functional capacity. See Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). A proper explanation must highlight pertinent evidence, draw conclusions from that evidence, and provide a logical explanation linking the evidence and those conclusions. See Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir.), as amended (Feb. 22, 2019); Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018). Where the ALJ fails to provide a logical explanation, it "frustrates [the Court's] ability to conduct meaningful appellate review, requiring [it] to vacate and remand." Thomas, 916 F.3d at 312. Otherwise, the Court would wrongly "substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 30 (1983).

In rendering a final decision of non-disability, the ALJ found that Plaintiff suffers from moderate difficulties with regard to her concentration, persistence, and pace. See Tr. 16. The

---

[1] Because the Court agrees that the ALJ failed to appropriately consider these identified limitations, the Court declines to consider other purported failures at this time.

decision references two passages from the identified consultative psychologists discussing possible limitations. To begin, the ALJ considered a psychological report that was prepared by Dr. Huthwaite while examining Plaintiff in May 2013. Ultimately, the ALJ afforded "significant weight to the majority" of the doctor's opinion, quoting favorably the following:

> [Plaintiff] is capable of understanding and carrying out simple and most complex instructions. Her attention appeared mildly variable, but she appeared able to learn and recall simple information with cueing. Her long-term memory functioning appeared intact. [Plaintiff] appeared able to communicate adequately with others and did not appear to be at high risk for aggression toward others. If employed, she appeared capable of working at an average pace.

Tr. 21 (alterations omitted) (quoting id. at 401). The ALJ also afforded "significant weight" to a psychological report that was prepared by Dr. Duncan while examining Plaintiff in March 2010. Id. at 21. Again, the ALJ quoted favorably the following from Dr. Duncan's report:

> [Plaintiff] did not have significant difficulty with effectively maintaining attention and sustained concentration when asked various questions throughout the interview. However, when asked to remember three items (stick, ball, red Chevrolet), she claimed to be able to only remember one immediately.

Id. at 18 (quoting id. at 61).

Plaintiff maintains that these passages indicate she suffers from limitations in concentration that were not accounted for in determining her residual functional capacity. See Doc. No. 11 at 8. The Court agrees with Plaintiff that some portions of the above-quoted passages suggest that Plaintiff's moderate limitations in concentration, persistence, and pace could affect her residual functional capacity. As Plaintiff explains, "[i]f an individual would require regular cues in order to remember the simplest job information, [then] that could potentially impact the individual's ability to work." Id. On the other hand, other portions of these passages suggest that Plaintiff's moderate difficulties in concentration, persistence, and pace "do[] not translate into a limitation in [Plaintiff's] residual functional capacity." Mascio, 780 F.3d at 639. Specifically, Dr. Huthwaite

6

opined that Plaintiff was "capable of working at an average pace." Tr. 21 (quoting id. at 401). And Dr. Duncan seemed to suggest Plaintiff merely "claimed" to be unable to remember items. Id. at 18 (quoting id. at 61). While either finding could be supported, the ALJ nevertheless failed to explain whether and how Plaintiff's moderate difficulties in concentration, persistence, and pace translate[2] or do not translate[3] into limitations affecting her residual functional capacity. This failure requires the Court to remand the case for reconsideration. See Mascio, 780 F.3d at 639.

### III. CONCLUSION

Because the final decision of the ALJ failed to explain whether and how Plaintiff's moderate difficulties in concentration, persistence, and pace affected her residual functional capacity, the Court is unable to meaningfully review the disability decision. Therefore, this case shall be remanded for a decision consistent with this Order.

---

[2] The Commissioner asserts that the ALJ accommodated Plaintiff's limitations by restricting her to "simple directives." Doc. No. 13 at 11. But, as the Fourth Circuit has recognized, "the ability perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 639.

[3] The record suggests that the ALJ considered Plaintiff's difficulties but decided they do not translate into limitations for her residual functional capacity. At the hearing, the ALJ asked the vocational expert whether a hypothetical individual who is off task more than 20% of the time would be likely be unable to maintain "competitive employment," to which the expert responded "yes." Tr. 48. Ultimately, the ALJ relied on another hypothetical that did not include this limitation, which suggests such a limitation was unnecessary. But the law is clear that the Court cannot scour the record and provide post hoc explanations to remedy an ALJ's error. See Brown, 639 F. App'x at 922; see also State Farm, 463 U.S. at 30. Therefore, the Court must remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. No. 11, is **GRANTED** and the Commissioner's Motion for Summary Judgment, Doc. No. 12, is **DENIED**. Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner under 42 U.S.C. § 405(g), the ALJ's final decision is **REVERSED**, and this case is hereby **REMANDED** for a decision consistent with this Order.

Signed: May 1, 2020

Max O. Cogburn Jr.
United States District Judge